# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7786 | DATE | May 1, 2003 |
| CASE TITLE | Mark Bradley, et al  v  Fairbanks Capital Corp. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ■ Status hearing reset to 5/22/03, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, defendant Fairbanks' motion to dismiss count III is granted and its motion to dismiss count IX is denied. Fairbanks' answer to count IX is due by 5/21/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | MAY 0 5 2003 date docketed | 44 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| GDS | courtroom deputy's initials | 03 MAY -2 PM 9:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK A. BRADLEY and JULIE E. BRADLEY, )
)
        Plaintiffs, )
)
        v. )
)
FAIRBANKS CAPITAL CORPORATION, )
RONALD O. ROESER and PETER VUCHA, )
individually and doing business as Roeser & )
Vucha, a partnership, )
)
        Defendants. )

No. 02 C 7786

Judge Robert W. Gettleman

**DOCKETED**

**MAY 0 5 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mark Bradley and Jill Bradley filed an amended eleven-count putative class action complaint against defendants NationsCredit Financial Services Corporation ("NationsCredit"), Fairbanks Capital Corporation ("Fairbanks"), Ronald Roeser and Peter Vucha (individually as well as doing business as Roeser & Vucha) to recover damages for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and various state laws, including the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("Illinois Consumer Fraud Act"). Defendant Fairbanks moved to dismiss Counts III, IV, V, VI, VII, and IX of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). In their response to that motion, plaintiffs voluntarily dismissed Counts I and II with prejudice and Counts IV, V, VI, and VII without prejudice, leaving only Counts III and IX at issue in the instant motion to dismiss. For the reasons stated herein, the court grants Fairbanks' motion to dismiss Count III and denies its motion to dismiss Count IX.

## FACTS

NationsCredit, doing business as NationsCredit Home Equity Services Corporation and EquiCredit, is engaged in the business of originating and servicing "subprime" mortgages. Defendant Fairbanks is also engaged in the business of servicing subprime loans, and specializes in acquiring "non-performing" loans. Defendants Roeser and Vucha are attorneys doing business as Roeser & Vucha, who regularly collect and attempt to collect consumer debts, including residential mortgages, through litigation and correspondence.

Plaintiffs obtained two loans from NationsCredit, designated as nos. 7002496953 (the "'953 loan") and 0001122035 (the "'035 loan"), which are secured by plaintiffs' home. Plaintiffs allege that the '953 loan is an adjustable rate mortgage for which Fairbanks acquired servicing in December 2001.

According to the complaint and exhibits attached thereto, in 2000, defendant Roeser & Vucha filed a mortgage foreclosure against plaintiffs ("case No. 00 CH 279") in the Circuit Court of DuPage County, Illinois, relating to the '953 loan. That suit was voluntarily dismissed on October 4, 2000, after plaintiffs and NationsCredit reached a settlement. Plaintiffs subsequently filed suit against NationsCredit ("case No. 00 CH 1291") alleging that NationsCredit was failing to comply with the settlement agreement in case No. 00 CH 279. Case No. 00 CH 1291 was also resolved by a settlement agreement. Among other things, the settlement agreement in case No. 00 CH 1291 brought plaintiffs' mortgage loan current through December 2000.

On April 25, 2002, Roeser & Vucha filed another mortgage foreclosure action against plaintiffs on behalf of "NationsCredit Home Equity Services Corp." in the Circuit Court of DuPage County ("case No. 2002 CH 716") based on the '953 loan. Plaintiffs allege that Roeser

& Vucha were actually directed to file the foreclosure action by Fairbanks, which was the then-servicing agent for the '953 loan. Roeser & Vucha purported to execute the verification of the complaint in case No. 2002 CH 716 as follows:

> Under penalties as provided pursuant to Section 1-109 of the Code of Civil Procedure the undersigned certifies that the statements set forth herein are true and correct based upon information supplied by Plaintiff.

Notwithstanding the terms of the settlement agreement in case No. 00 CH 1291, the complaint alleged that the date of default was June 1, 2000. Moreover, the complaint alleged a single per diem interest amount accruing from June 1, 2000, even though there had been three rate adjustments in the interim. Plaintiffs allege that "Roeser & Vucha had no information that supported the filing of the [2002] complaint and had no basis for alleging the default claimed or that Fairbanks had complied with the note and mortgage, as is required in any action seeking to enforce a contract."

According to plaintiffs, case No. 2002 CH 716 was dismissed on August 9, 2002, "because Roeser & Vucha could not obtain any information showing a default to respond to discovery requests [sic] and the Bradleys had moved to dismiss the action for discovery violations." On September 19, 2002, defendant Fairbanks sent a letter to plaintiffs implying that plaintiffs owed "outstanding legal fees" for the 2002 foreclosure action.[1] According to plaintiffs' complaint, "It is Fairbanks' practice to add legal fees and foreclosure expenses to borrowers' accounts, without judicial award or approval, often under circumstances when it knows or expects that it could not obtain judicial award or approval." Plaintiffs further allege that

---

[1]The letter stated, "As of the date of this letter, the total amount past due is $55,669.23, not including any outstanding legal fees."

3

Fairbanks regularly furnishes false information to borrowers and courts and arbitrarily refuses to accept payments in an effort to obtain borrowers' properties.

Count III of plaintiffs' complaint characterizes the verification of a complaint by counsel as a violation of the FDCPA and thus seeks statutory as well as actual damages arising from Roeser & Vucha's verification of the complaint in case no. 2002 CH 716.[2] Count IX alleges that defendants engaged in "unfair deceptive acts and practices, in violation of [the Illinois Consumer Fraud Act,] 815 ILCS 505/2," including the mailing of demand letters and filing of complaints seeking improper amounts. With this background in mind, the court turns to the standards governing the instant motion.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations of the complaint as true and views the facts in the light most favorable to the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

With respect to Count III, plaintiffs cite to Young v. Meyer & Njus, 96 C 4809, 1997 WL 452685 (N.D.Ill. Aug. 6, 1997), decided by another court in this district, for the proposition that "it is a violation of the FDCPA for an attorney to verify a complaint." The court does not believe

---

[2]The court notes that Count III is distinct from Count IV, in which plaintiffs allege a violation of 15 U.S.C. §§ 1692e and 1692f relating to defendants' filing of a mortgage foreclosure action against plaintiffs "without having any basis for proving that plaintiffs were in default or that Fairbanks had complied with the note and mortgage, and when any analysis of the loan by a competent foreclosure attorney would have shown that Fairbanks had not complied with the note and mortgage." As noted above, plaintiffs have voluntarily dismissed Count IV without prejudice.

4

that Young sweeps so broadly, however. In Young, the plaintiff contended that an attorney's verification of a complaint based upon a review of a computer print-out constituted a false or misleading misrepresentation in violation of 15 U.S.C. § 1692e, as well as an unfair or unconscionable means of collecting a debt in violation of 15 U.S.C. § 1692f, because the attorney lacked personal knowledge about the amount of the debt in dispute. The district court agreed, concluding that "the print-out would not be sufficient to prove the debt at trial. Accordingly, it cannot provide the basis for an attorney's verification of the facts based on personal knowledge." Id. at 1.

In contrast to the situation in Young, the attorney verification executed by defendants Roeser & Vucha did not purport to be based on personal knowledge, but rather stated that "the undersigned certifies that the statements set forth herein are true and correct based upon information supplied by Plaintiff" (emphasis added). As noted by defendant, the Illinois Code of Civil Procedure allows verification of matters stated "upon information and belief." See Cohen v. Smith, 269 Ill. App. 3d 1087, 1097 (5th Dist. 1995) ("Section 2-605 of the Illinois Civil Practice Law provides that even verified pleadings may be stated positively or upon information and belief."). Section 2-605 of the Illinois Code of Civil Procedure, cited by plaintiffs, provides:

> (a) Any pleading, although not required to be sworn to, may be verified by the oath of the party filing it or of any other person or persons having knowledge of the facts pleaded. Corporations may verify by the oath of any officer or agent having knowledge of the facts. If any pleading is so verified, every subsequent pleading must also be verified, unless verification is excused by the court. In pleadings which are so verified, the several matters stated shall be stated positively or upon information and belief only, according to the fact. Verified allegations do not constitute evidence except by way of admission. (Emphasis added.)

5

Because the stated basis for Roeser & Vucha's verification was information supplied by plaintiff, rather than personal knowledge, the instant case is distinguishable from Young. This consideration, together with fact that Illinois law permits verification based upon information and belief, leads the court to conclude that plaintiffs have not stated a claim in Count III for a false or misleading misrepresentation in violation of 15 U.S.C. § 1692e or for an unfair or unconscionable means of collecting a debt in violation of 15 U.S.C. § 1692f.[3] In rejecting plaintiffs' claim in Count III that "it is a violation of the FDCPA for an attorney to verify a complaint," the court expresses no opinion regarding plaintiffs' allegations pertaining to defendants' purported carelessness in the filing of the 2002 foreclosure complaint, including researching the impact of the previous settlement agreements on plaintiffs' debt, and causes of action arising therefrom, because those allegations are not contained in that count.[4]

Defendant Fairbanks also seeks dismissal of Count IX, which plaintiffs brought pursuant to the Illinois Consumer Fraud Act. Defendant Fairbanks maintains that Count IX fails to state a claim because the conduct at issue is governed by the Illinois Collection Agency Act ("ICAA"). Fairbanks claims that because the ICAA is a statute specifically governing collection activities, it takes precedence over the Illinois Consumer Fraud Act. Fairbanks further argues that collection activities are not "trade or commerce" to which the Illinois Consumer Fraud Act applies. Last, Fairbanks asserts that plaintiffs have not pled their Illinois Consumer Fraud Act claim with

---

[3]The ethical implications of an attorney-verified complaint have not been raised by plaintiffs, presumably because the Young court noted that the plaintiff in that case did not cite any case "that would make the alleged violation of Rule 3.7 an unconscionable means of collection in violation of § 1692f of the FDCPA." Young, at 1.

[4]Having concluded that Count III fails to state a claim, the court declines to address the issue of witness immunity, which was briefed by both parties.

requisite particularity. For the reasons discussed below, the court concludes that all of Fairbanks' arguments are without merit, and thus denies its motion to dismiss Count IX.

Plaintiffs dispute that Fairbanks is covered by the ICAA, which excludes "financing and lending institutions (except those who own or operate collection agencies)" and "loan and finance companies" from its scope. 225 ILCS 425/2.03. Fairbanks responds that, "the issue is not whether the ICAA contains an exemption that might exclude Fairbanks from its coverage. Rather, the issue is whether the plaintiffs have pled a claim under the ICFA when there is a more specific statute, the ICAA, governing the particular conduct alleged in plaintiffs' amended complaint."

Even assuming arguendo that the conduct allegedly engaged in by defendant Fairbanks is covered by the ICAA, the Illinois Consumer Fraud Act may still apply to the instant dispute. Notwithstanding Fairbanks' arguments to the contrary, in People ex. rel. Daley v. Datacom Systems Corp., 146 Ill.2d 1, 585 N.E.2d 51 (1991), the Illinois Supreme Court concluded that "debt collection practices are embraced by the [Illinois Consumer Fraud Act]." Id. at 31. Although the Datacom court did not address whether a violation of the ICAA constituted a "per se violation" of the Illinois Consumer Fraud Act, in Perperas v. United Recovery Systems, Inc., No. 96 C 7693, 1997 WL 136326, at *3 (N.D.Ill. 1997), another court in this district concluded that a deceptive or misleading violation of ICAA could constitute a violation of the Illinois Consumer Fraud Act.

Given the Datacom decision, the court further concludes that debt collection practices are a consumer activity that involves trade or commerce. See Perperas, at *3. Lending activities are covered by the Illinois Consumer Fraud Act, as well. See, e.g., April v. Union Mortgage

7

Company, 709 F. Supp. 809 (N.D.Ill. 1989) (borrowers stated claim under Illinois Consumer Fraud Act by alleging that lender's failure to include in finance charge that portion of amount retained as "prepaid finance charge" constituted unfair and deceptive practice). The fact that there was not a consumer transaction between plaintiffs and defendant Fairbanks[5] does not alter the court's conclusion. Cf. Elder v. Coronet Ins. Co., 201 Ill. App. 3d 733, 750, 558 N.E.2d 1312 (1st Dist. 1990) (holding that an insured could sue an adjusting company for unfair business practices in adjusting automobile claims, notwithstanding fact that adjusting company sold its services to the insurer and not the insured).

Last, defendant's argument that plaintiffs have not met the heightened pleading standards required under the Illinois Consumer Fraud Act is not persuasive. Plaintiffs identify a specific complaint filed by defendants that they allege was baseless, and provide extensive background facts to illuminate that allegation. Thus, the court concludes that defendant Fairbanks has ample notice of plaintiffs' claims against it. Accordingly, defendant Fairbanks' motion to dismiss Count IX is denied.

## CONCLUSION

For the reasons stated herein, defendant Fairbanks' motion to dismiss Count III is granted and its motion to dismiss Count IX is denied. Fairbanks is ordered to file an answer to Count IX

---

[5]Plaintiffs' loan from NationsCredit, however, was a consumer transaction.

on or before May 21, 2003. The status report previously set for May 14, 2003, is continued to May 22, 2003, at 9:00 a.m.

**ENTER:**  **May 1, 2003**

_Robert W. Gettleman_
**Robert W. Gettleman**
**United States District Judge**